MIGUEL VARGAS, Plaintiff and Appellant, *v.* ESPERANZA CRUZ-VÉLEZ, Defendant and Appellee.

No. 3983. Argued February 4, 1927.—Decided April 26, 1927.

*Arjona & Arjona* for the appellant.   *José Sabater* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal taken by the plaintiff from a judgment of the District Court of Mayagüez dismissing his complaint after sustaining a demurrer thereto filed by the defendant on the ground that it did not state sufficient facts to constitute a cause of action.

The complaint from which this appeal originates prays for the setting aside of a judgment rendered in another action and alleges that the plaintiff brought the first action in the same district court against the same defendant wherein the court ordered on September 30, 1922, the striking out of certain particulars of the complaint and granted twenty days to amend it; that on the 14th of the following October the plaintiff moved the court to reconsider that decision; that on November 6, 1922, the court denied the motion on the ground that it had no jurisdiction; that before that decision was rendered the plaintiff, on October 25, moved the court to dismiss the action because the plaintiff had failed to amend the complaint within the twenty days that had been granted for that purpose, counted from the 3rd of October when his counsel had been notified; that on November 20, 1922, the court sustained the motion, because the complaint had not been amended within the twenty days granted nor at any other time, no application for an extension having been made, and ordered the final dismissal of the action; that the twenty days granted expired on October 28th; that the 30th of September, when the court decided the motion to strike, was the last day of the August and September term of the court, and, as the plaintiff was notified on October 3rd, his motion to reconsider was filed in time, and the refusal of the court to reconsider it for lack of jurisdiction

because it had been filed after the expiration of the term, deprived the plaintiff of his right to have it considered; that the judgment of nonsuit against the plaintiff is void because the court had no power to render it; because it was not given in open court, and because the oath taken by the judge to perform the duties of his office is of no effect. Such is the complaint that was filed in July, 1925.

The only assignment of error now made by the appellant is that the trial court held that the complaint in this case did not state sufficient facts to constitute a cause of action and consequently dismissed it.

The appellant overlooks in his brief to support his assignment of errors, the allegations of the complaint that the court had no power to render a judgment of nonsuit in the previous action; that said judgment was void because it had not been rendered in open court, and that the oath taken by the judge who gave it is of no effect. Therefore we shall disregard these questions and consider only the two which he raises to show that his complaint is sufficient, namely, (1) the failure of the court to consider in the action whose judgment it seeks to set aside the motion to reconsider the decision on the motion to strike out in the first complaint, (2) that a judgment of nonsuit had been rendered before the expiration of the twenty days granted by the court to amend the complaint.

The appellant, in order to impugn the judgment rendered in his previous action, alleges here that the judgment is void because the court disclaimed jurisdiction of his motion to reconsider the decision on the motion to strike out certain particulars in the complaint for the reason that it had not been filed during the term of the court in which it was rendered, and also alleges that this was an error because it had the jurisdiction which it disclaimed.

In the case of *Rexach* v. *Workmen's Relief Commission,* 31 P.R.R. 16, this court said that the right to move for reconsideration is not granted by statute, but is a matter of grace

depending greatly upon the will of the court in order to correct any error committed inadvertently, and which does not operate to extend the time within which to appeal. Therefore, as there is no statutory right authorizing the filing of such motion, it can not be pleaded as a ground for nullity that such motion was decided erroneously, even if the error consists in the court's disclaiming jurisdiction. Consequently, the allegation to which we refer does not show a cause of action in the complaint in this case.

The other point alleged by the appellant is that the judgment of nonsuit rendered in the previous action was void because it had been prayed for by the defendant before the expiration of the twenty days granted to the plaintiff to amend his complaint. It does not matter whether the motion of the defendant in that action was filed three days before the expiration of the twenty days which according to the appellant had expired on October 28th, because it is a fact that the court rendered the judgment of nonsuit on the 20th of the following November, on the ground that the time granted to amend had expired and no extension thereof had been requested. In the case of *Vargas* v. *Cruz,* 32 P.R.R. 422, this court said that a motion to strike matter from the complaint is akin to a special demurrer and if it is sustained the plaintiff must amend or judgment for the defendant will follow, and a final judgment of dismissal is within the jurisdiction of the court. It appears also from the foregoing that the allegation of the complaint referred to does not state a cause of action.

The judgment appealed from must be affirmed.